UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**David-Blake: Gornowicz, sui juris,**
Plaintiff,

v.

**CITY OF DICKSON;
DICKSON COUNTY;
HUMANE SOCIETY OF DICKSON COUNTY;
DICKSON COUNTY DISTRICT ATTORNEY'S OFFICE;
and WILLIAM DARDEN,**
Defendants.

**JURY DEMAND**

---

COMPLAINT

I. INTRODUCTION

1. This action seeks damages and equitable relief under 42 U.S.C. §§ 1983, 1985, 1988; the Americans with Disabilities Act; the Rehabilitation Act; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)–(d); and Tennessee state law.

2. Plaintiff was the victim of a violent assault by Defendant William Darden on October 24, 2024. Instead of protecting him as a victim, Defendants' officers and staff engaged in a coordinated pattern of false arrest, malicious prosecution, ADA violations, retaliation, extortion, and destruction of evidence.

---

II. PARTIES

4. Plaintiff **David Gornowicz** is sui juris, a living man and non-citizen national, dwelling in the Tennessee Republic. On October 24, 2024, Plaintiff verbally declared this status at the Dickson Police Department and hospital, and his state-issued license was marked "david-blake: gornowicz, bene.," providing constructive notice that Plaintiff appeared as beneficiary, not debtor. Plaintiff was accompanied at all times by his ADA-protected service dog.

5. Defendant **City of Dickson** is a municipal corporation and is responsible for the actions of its Police Department and City officials.

6. Defendant **Dickson County** is a political subdivision of Tennessee and is responsible for the actions of the Dickson County Jail, Sheriff's Office, and its staff.

7. Defendant **Humane Society of Dickson County** is a private entity working in concert with law enforcement, holding itself out as an agent in the seizure and return of service animals.

8. Defendant **Office of the District Attorney for the 23rd Judicial District** is a governmental office responsible for prosecutorial functions in Dickson County.

9. Defendant **William Darden** is a private individual residing in Dickson, Tennessee.

## III. FACTUAL BACKGROUND

1. **October 24, 2024 – Assault at Darden's Residence.** Plaintiff went to Defendant Darden's apartment expecting repayment of $250. Darden assaulted Plaintiff without provocation, fracturing Plaintiff's jaw, causing bleeding and swelling, and stole Plaintiff's lawful hemp.

2. **Police Department Encounter.** Plaintiff entered the Dickson City Police Department with his ADA-protected service dog to report the felony assault. Officer J. Choate demanded ID, seized Plaintiff's identification and car key, falsely accused Plaintiff of hiding contraband, and unlawfully detained Plaintiff. Choate ignored Plaintiff's oral declaration of status and the written "Bene." license. No report of Darden's assault was taken.

3. **Hospital Incident.** Plaintiff was transported by ambulance still accompanied by his service dog. At the hospital, Choate and other officers unlawfully searched Plaintiff's vehicle, misclassified legal hemp as marijuana, and orchestrated the seizure of Plaintiff's service dog, despite no disruption or threat to safety. Plaintiff's declaration of status and ADA rights were captured on bodycam that was later destroyed.

4. **Detention at Jail.** Plaintiff was transported to Dickson County Jail, strip-searched, humiliated, and denied medical care for his fractured jaw. Captain B. Cave refused official grievance forms, handing Plaintiff blank paper instead. Plaintiff was confined beyond the statutory six-hour limit for public intoxication. Jail staff withheld proper medical care.

5. **Humane Society Coercion.** On October 25, 2024, Plaintiff sought to recover his ADA service dog from the Humane Society of Dickson County. Staff refused to return the dog without immediate payment of fees, including a rabies shot, despite Plaintiff's objection. Under duress, Plaintiff paid to secure the dog's release.

6. **Sheriff's Office Retaliation.** On February 5, 2025, Plaintiff went to the Dickson County Sheriff's Office to file charges against Darden. Lt. Bledsoe, Deputy Cunningham, and Officer Simmons refused, threatened Plaintiff with arrest, and denied identification.

7. **District Attorney's Office Obstruction.** In April 2025, Plaintiff attempted to follow up at the DA's Office. ADA Josh Ethridge threatened to remove Plaintiff from the office while Plaintiff was accompanied by his service dog. The DA's Office refused to advance Plaintiff's felony complaint against Darden.

8. **City Hall Intimidation.** On April 28, 2025, Plaintiff went to City Hall to petition for redress. Chief Seth Lyles and City Administrator David Travis shouted at Plaintiff, refused evidence of dismissal, and threatened Plaintiff with arrest for trespass while Plaintiff's service dog was visibly present.

9. **Evidence Destruction and Records Obstruction.** Plaintiff submitted lawful TORA requests. Captain Fussell, Sherry Owens, and Cynthia Guice obstructed access to bodycam, retention policies, and metadata. Bodycam footage, metadata, and policies were destroyed after expungement.

10. **Ongoing Harm.** Plaintiff underwent surgery to wire his jaw shut in November 2024. Injuries stabilized in December 2024, but damages remain: physical pain, emotional distress, reputational harm, financial losses, and collapse of Plaintiff's small business.

## IV. ( ES OF ACTION

## COUNT I – 42 U.S.C. § 1983: Fourth Amendment (Unlawful Seizure & False Arrest)
## Against Defendants: City of Dickson, Dickson County, and William Darden

1. Officer J. Choate (City) unlawfully detained Plaintiff, seized his ID and car key, and fabricated probable cause.

2. Jail staff (County) held Plaintiff beyond the statutory six-hour limit for public intoxication.

3. William Darden initiated the chain by assaulting Plaintiff and providing false accusations.
**Statutes:** U.S. Const. amend. IV; T.C.A. § 39-13-302 (False Imprisonment); T.C.A. § 39-13-303 (Kidnapping).

## COUNT II – 42 U.S.C. § 1983: Fourteenth Amendment (Due Process)
**Against Defendants: City of Dickson, Dickson County, and the District Attorney's Office**

1. Choate (City) ignored Plaintiff's declared status and processed him under the NAME.

2. Captain B. Cave (County) obstructed grievance procedures by refusing official forms.

3. The DA's Office obstructed complaints and concealed evidence.
**Statutes:** U.S. Const. amend. XIV; T.C.A. § 39-16-402 (Official Misconduct); T.C.A. § 39-16-403 (Official Oppression); T.C.A. § 39-16-503 (Tampering with Evidence); T.C.A. § 39-16-504 (Destruction of Records).

## COUNT III – 42 U.S.C. § 1983: First Amendment (Right to Petition / Retaliation)
**Against Defendants: City of Dickson, Dickson County, and the District Attorney's Office**

1. Chief Seth Lyles and City Administrator David Travis (City) threatened Plaintiff with arrest at City Hall.

2. Captain Fussell and Sherry Owens (City) obstructed public records access.

3. Cynthia Guice (County) imposed an unlawful $320 redaction fee.

4. ADA Josh Ethridge (DA Office) threatened to remove Plaintiff while lawfully petitioning.
**Statutes:** U.S. Const. amend. I; T.C.A. § 39-17-309 (Civil Rights Intimidation).

## COUNT IV – Americans with Disabilities Act (42 U.S.C. § 12132)
**Against Defendants: City of Dickson, Dickson County, Humane Society, and the District Attorney's Office**

1. City officers unlawfully seized Plaintiff's ADA-protected service dog at the police department and hospital.
2. Jail staff (County) participated in removal and denial of accommodation.
3. Humane Society staff refused to return the service dog without coerced payment.
4. DA staff interfered with Plaintiff's rights while he was accompanied by the service dog.
   **Statutes:** 42 U.S.C. § 12132; T.C.A. § 4-21-301 et seq. (THRA); T.C.A. § 8-50-103 (Tennessee Disability Act).

## COUNT V – Rehabilitation Act (29 U.S.C. § 794)
**Against Defendants: City of Dickson and Dickson County**

1. Both entities receive federal funds and are subject to § 504 of the Rehabilitation Act.
2. Both denied Plaintiff equal access and accommodations by seizing his service dog and withholding disability-related rights.
   **Statutes:** 29 U.S.C. § 794(a).

## COUNT VI – Assault and Battery
**Against Defendant: William Darden**

1. Darden struck Plaintiff, fracturing his jaw.
2. Darden unlawfully took Plaintiff's hemp property.
   **Statutes:** T.C.A. § 39-13-101 (Assault); T.C.A. § 39-13-102 (Aggravated Assault).

## COUNT VII – False Imprisonment (Common Law)
**Against Defendants: City of Dickson and Dickson County**

1. Choate (City) unlawfully detained Plaintiff without probable cause.
2. Jail staff (County) confined Plaintiff beyond statutory limits.
   **Statutes:** T.C.A. § 39-13-302 (False Imprisonment).

## COUNT VIII – Malicious Prosecution (42 U.S.C. § 1983 & Common Law)
**Against Defendants: City of Dickson and Dickson County**

1. Choate (City) fabricated charges by misclassifying hemp as marijuana and claiming intoxication.

2. County officials allowed the prosecution to proceed despite lack of evidence.

3. The proceedings terminated in Plaintiff's favor when all charges were dismissed and expunged.
   **Statutes:** U.S. Const. amend. XIV; T.C.A. § 39-16-502 (False Reporting).

## COUNT IX – Conversion (Theft of Property)
**Against Defendants: William Darden, City of Dickson, and Humane Society of Dickson County**

1. Darden stole Plaintiff's hemp property.

2. Choate (City) unlawfully seized Plaintiff's legal property as "evidence."

3. Humane Society staff withheld Plaintiff's service dog until coerced payment.
   **Statutes:** T.C.A. § 39-14-103 (Theft of Property); T.C.A. § 39-14-104 (Theft of Services); T.C.A. § 39-14-112 (Extortion).

## COUNT X – Negligence (Common Law)
**Against Defendants: City of Dickson, Dickson County, and Humane Society of Dickson County**

1. City officials failed to properly train, supervise, and discipline officers.

2. County jail staff failed to provide grievance procedures and medical care.

3. Humane Society failed to safeguard Plaintiff's ADA-protected service dog.
   **Statutes:** T.C.A. §§ 29-20-101 et seq. (TGTLA); T.C.A. § 29-20-205; T.C.A. § 8-8-302; T.C.A. § 41-4-115.

## COUNT XI – Tennessee Public Records Act Violations
**Against Defendants: City of Dickson and Dickson County**

1. Captain Fussell and Sherry Owens (City) obstructed access to bodycam and retention policies.

2. Cynthia Guice (County) imposed unlawful redaction fees and obstructed access.
   **Statutes:** T.C.A. § 10-7-503 (Public Records Act).

## COUNT XII – Civil Conspiracy (42 U.S.C. § 1985 & Common Law)
**Against Defendants: City of Dickson, Dickson County, Humane Society, DA's Office, and William Darden**

1. Darden conspired with Choate (City) to frame Plaintiff.
2. City and County officials collectively obstructed grievances, records, and evidence.
3. Humane Society staff acted in concert with police in coercing fees.
4. DA staff ratified the conspiracy by refusing Plaintiff's complaints and threatening retaliation.
   **Statutes:** 42 U.S.C. § 1985(3); T.C.A. § 39-12-103 (Conspiracy).

## COUNT XIII – Denial of Access to Courts / Obstruction
**Against Defendants: City of Dickson, Dickson County, Humane Society, and DA's Office**

1. City officials obstructed complaints and destroyed bodycam footage.
2. County jail staff and Guice obstructed grievance access and records.
3. Humane Society coerced fees, interfering with ADA enforcement.
4. DA staff threatened removal and refused to investigate.
   **Statutes:** U.S. Const. amend. XIV; T.C.A. § 39-16-602 (Obstruction of Justice); T.C.A. § 39-16-503 (Tampering with Evidence).

## COUNT XIV – Declaratory and Injunctive Relief
**Against All Defendants**

1. Plaintiff seeks a declaration that Defendants' conduct violated his rights under federal and Tennessee law.
2. Plaintiff seeks injunctions requiring:
   - City and County to adopt lawful evidence-retention and ADA-compliance policies;
   - Humane Society to adopt ADA-compliant return policies for service animals;
   - DA Office to implement ADA Title II accommodations;
   - All Defendants to cease retaliatory or harassing conduct.
     **Statutes:** 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

## COUNT XV – Spoliation of Evidence
## Against Defendants: City of Dickson and Dickson County

1. City officials destroyed bodycam footage and metadata following expungement.

2. County officials failed to preserve records despite lawful requests.
   **Statutes:** T.C.A. § 39-16-503 (Tampering with Evidence); T.C.A. § 39-16-504 (Destruction of Records).

## COUNT XVI – Abuse of Process
## Against Defendants: City of Dickson and the DA's Office

1. Choate (City) fabricated charges to cover up Darden's assault.

2. DA staff allowed baseless charges to proceed, abusing prosecutorial discretion.
   **Statutes:** U.S. Const. amend. XIV.

## COUNT XVII – Intentional Infliction of Emotional Distress (Outrage)
## Against Defendants: City of Dickson, DA's Office, and William Darden

1. Darden's assault caused severe emotional trauma.

2. Choate, Lyles, and Travis (City) used intimidation and false arrests to compound distress.

3. ADA Ethridge (DA's Office) threatened Plaintiff while accompanied by his service dog.
   **Statutes:** Common Law Tort recognized under Tennessee law.

## COUNT XVIII – Monell Liability (42 U.S.C. § 1983)
## Against Defendants: City of Dickson and Dickson County

1. City of Dickson maintained customs and policies permitting false arrests and records destruction.

2. Dickson County maintained customs permitting denial of medical care and obstruction of grievances.
   **Statutes:** 42 U.S.C. § 1983.

## COUNT XIX – Civil RICO (18 U.S.C. § 1962(c),(d))

**Against Defendants: City of Dickson, Dickson County, Humane Society, DA's Office, and William Darden**

1. Defendants acted as an enterprise through repeated predicate acts: false arrest, extortion, obstruction, and spoliation.
2. Darden committed assault and theft; City and County officials engaged in evidence tampering and obstruction; Humane Society coerced fees; DA staff retaliated against Plaintiff.
**Statutes:** 18 U.S.C. § 1962(c),(d); T.C.A. § 39-12-204 (Racketeering).

## V. RELIEF REQUESTED

Plaintiff respectfully requests the Court award:

1. Compensatory damages;
2. Punitive damages where permitted;
3. Treble damages under 18 U.S.C. § 1964(c);
4. Attorney's fees and costs;
5. Declaratory judgment;
6. Injunctive relief requiring ADA, TPRA, and retention-policy reforms;
7. Further relief deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by right.

**Respectfully submitted,**

Signature: *david-blake gormwich, sui juris*
Plaintiff, perperas persona